GEORGE C. WHITMORE, Respondent, v. THE RIO GRANDE WESTERN RAILWAY COMPANY, a Corporation, Appellant.

No. 1089.    (66 Pac. 1066.)

1.  **Railroads: Killing of Stock on Right of Way: Evidence of Other Killings Not in Issue: Inadmissible: Reversible Error.**
    In an action against a railroad for the negligent killing of certain cattle on the right of way on specified dates, the admission of evidence that large numbers of cattle were killed on the right of way during various years, but at no definite date, and that the section foreman refused to exhibit the book in which he kept a record of the marks and brands of cattle killed along the road, was reversible error.

2.  **Motion for Nonsuit: Properly Denied: Evidence.**
    Where plaintiff's evidence tends to sustain his right to recover, the trial court will not take the case from the jury.

(Decided December 17, 1901.)

Appeal from the Seventh District Court, Carbon County.—
        Hon. Jacob Johnson, Judge.

Action to recover damages for the alleged negligent killing, by defendant, on its railroad, of a number of cattle which belonged to the plaintiff.    From a judgment in favor of the plaintiff, the defendant appealed.

REVERSED.

*Messrs. Bennett, Harkness, Howat, Bradley & Richards* for appellant.

*Messrs. Brown & Henderson* for respondent.

BASKIN, J.—This is an action to recover damages for the alleged negligent killing, by defendant, on its railroad, of a number of cattle which belonged to plaintiff. The complaint contains thirteen separate counts, in each of which the negligent killing by defendant, at a particular date, of a cow which belonged to plaintiff, is alleged. The answer denies the allegations of each count. Judgment was rendered in favor of plaintiff on six of the causes of action stated in said counts.

At the trial, Wm. McGuire, a witness, was asked by plaintiff's attorney: "Q. Did you see during those years—1894, 1895, 1896, and 1897—other cattle there killed of Whitmore's, aside from the ones you have testified to ?" Defendant's counsel objected to this question, on the ground of its irrelevancy, and as not confining the witness to any particular time. The trial court overruled the objection, and the witness, in answer to the question, stated that, "There has been all the way from 100 to 175 killed each year, so far as I could tell, and some I would not find at all." Defendant's attorney moved to strike out this answer as not material or relevant to the issue and that it was not competent to prove the several counts of the complaint by testimony so general as this. Over like objections of the defendant, John Gentry, a witness for plaintiff, was allowed to testify that during each of the years 1894, 1895, 1896 and 1897, he saw, along the railroad track of the defendant in Carbon county, from 175 to 200 cattle which had been killed. The plaintiff, over like objections, was also permitted to show that the defendant had failed to post and file with the county clerk the notice required by section 68 of the Revised Statutes. After the witness McGuire testified that, "I went to see the section foreman, and told him

I wanted to look at his books—the books in which they had kept the marks and brands of cattle killed along the road— and I told him who I represented"—the record shows that the following occurred in the witness's further examination: "Q. (By Plaintiff's Attorney.) What did he say? (Objected to as incompetent and immaterial, not being a competent declaration of the section foreman to this witness, and not being made by the section foreman in the discharge of any duty imposed upon him, and simply hearsay. Objection overruled. Exception.) Q. Did you demand of him the information in relation to this animal? A. Yes. Q. And informed him of the killing, and did he refuse to tell you anything about it? (Objected to as incompetent and immaterial, for the reasons assigned when the question was first asked. Objection overruled. Exception.) A. Yes. Q. State, now, what reasons he gave why he would not? (Objected to as incompetent and immaterial; simply hearsay. Objection overruled. Exception.) A. Said he was notified by his employers not to show his books at all. Q. State if he said anything upon that subject; if he said anything, or gave as a part of the reason any result that would come to him? (Same objection. Objection overruled. Exception.) A. Yes, sir; he said he would lose his job if he told anything." It also appears from the record that in the examination of the witness Wilson, who had formerly been foreman on the section of the road where it was alleged that cattle were killed, the following occurred: "Q. Now, I want to inquire if at any time you received any instructions from the company in relation to not giving any information in relation to the killing of stock? (Objected to as immaterial, not having any connection with any of the animals, or not shown to have any connection with any of the animals, for which the complaint seeks to recover, and it in no way affects the liability of the defendant. Objection overruled. Exception.) A. Yes, sir. Q. State what it was? A. That these books were furnished for the company's use,

and not for information for outside parties, and that the section foreman would be careful in giving any information to any parties in regard to stock being killed on the right of way; how they were killed; what kind of stock, or anything about it. Then, also, the roadmaster told me verbally; that was the order he gave me. Told me to give no information to any party in regard to stock having been killed on the right of way that could be avoided. Q. When was that instruction given? (Defendant moves to strike out the answer of the witness because it is incompetent for the purpose of affecting defendant's liability, because the testimony has no bearing upon any of the issues in the case, and is immaterial for the same reason. Objection overruled, and motion denied. Exception.)" The issue in the case was the negligent killing of the cows respectively described in the several counts of the complaint. The foregoing testimony, admitted over the objection of the defendant, did not tend to prove that issue. The only bearing which it could possibly have in the case was to prejudice the jury against the defendant. It was error to admit this testimony, and for that reason the judgment should be reversed.

The plaintiff's evidence tended to sustain his right to recover, and where such is the case, as a general rule, the trial court will not take the case from the jury. The motion for a nonsuit was not improperly denied.

It is ordered that the judgment be reversed, at respondent's costs, and the case remanded for a new trial.

MINER, C. J., concurs in the judgment of reversal. BARTCH, J., concurs.